JAMES JOHNSON  
Corporation Counsel, City of New York  
Attorney for City of New York  
Of Counsel: Hugh H. Shull III (HS-0236)  
100 Church Street, Room 5-233  
New York, New York 10007  
Work (212) 356-2138  
Work Cell (646) 581-3173  
hughs@law.nyc.gov  

Hearing Date and Time:  
May 19, 2020 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------X  
In re:  

27 PUTNAM LP et al.  

               Debtors.  
-----------------------------------------------------X  

Chapter 11  
Case No. 19-13412 et al  
Jointly Administered  

## OBJECTION OF CITY OF NEW YORK TO PROPOSED SETTLEMENT

The City of New York (the "City"), by its attorney JAMES JOHNSO, Corporation Counsel of the City of New York, as and for its objection to the Debtor's motion dated March 19, 2020 to approve a Bankruptcy Rule 9019 settlement (the "Motion"), respectfully states:

    1.    The Motion seeks to approve a settlement between Debtor 423 Grand Avenue LP ("423 Grand Debtor"), one of the jointly administered debtors (collectively, the "Debtors"), and a tenant at the Debtor's property located at 423-425 Grand Avenue, Brooklyn, New York ("423-425 Grand Avenue Property").

    2.    The proposed settlement would have the tenant move from apartment D4 at 425 Grand Avenue to apartment 1C at 27-29 Putnam Avenue, Brooklyn, New York ("27-29

Putnam Avenue Property") owned by Debtor 27 Putnam LP ("27 Putnam Debtor").  This is to accommodate the tenant due to a disability.

3. The proposal is that the tenant will pay the same legal rent for the apartment at the 27-29 Putnam Property, which according to the Debtors is $616.60, as her current apartment at the 423-425 Grand Property.  The Debtor proposes to swap what it believes to be the legal rent for the first floor apartment to which the tenant will move to the 4th floor apartment the tenant is vacating.  The Debtors assert that the legal rent for the first floor apartment, being renovated or renovated as a duplex, is $3,500 due to renovations.

4. Neither the City nor the State of New York is a signatory to the settlement agreement, and should not be bound thereby.  The City also submits that the Bankruptcy Court, despite its often broad powers, and the benefit of the accommodation being provided, should not be exercising jurisdiction in this context over regulated rents under local and State law via a settlement to which the City and State are not a party.

5. Section 2521.1(j) of Article 9 of New York City Rules and Regulations ("NYCRR") provides that:

" **(j)**  For housing accommodations whose rentals were previously regulated under the PHFL [New York State Private Housing Finance Law] , or any other State or Federal law, other than the RSL [Rent Stabilization Law] or the City Rent Law, upon the termination of such regulation, the initial legal regulated rent shall be the rent charged to and paid by the tenant in occupancy on the date such regulation ends. For housing accommodations which are vacant on the date the building first becomes subject to the RSL and this Code, such rent shall be the most recent rent approved by the supervising agency, which shall be subject to all increases permitted by law and this Code, and which shall not be subject to a Fair Market Rent Appeal pursuant to section 2522.3 of this Title. "

9 NYCRR 2521(j).

6. The Debtors or their predecessors or transferors entered into a HOME Written Agreement with the City Agreement under the Federal HOME Investments Partnership

Program with the City, acting through its Department of Housing Preservation and Development ("HPD") on March 10, 1998, which was recorded and extended from time to time (the "HOME Agreement"). The City's position has been that the last rents set under the HOME Agreement should be the "initial" rents set under the Rent Stabilization Law after expiration of the HOME Restriction Period.

7. Debtors' regulatory counsel sent a letter to HPD regarding what it believes to be appropriate rents, and annexed a broker's opinion affidavit about the market rate rents apartments would obtain, and even that, which did not have a current rent for the unit to which Debtor would move under the proposed settlement, lists a market of $1,500 for the unit. This may be as unrenovated, but regardless, HPD has not agreed that even such unit can move to market rate or have such rate swapped with another unit in another building owned by a different debtor.

8. Suffice it to say that this type of regulatory issue should not be subject of a settlement between one tenant and the Debtors, to which other federal, state and local authorities are not a party. Despite its benefits to a particular tenant, broad considerations of affordable housing for all citizens need to be considered, and this is not the avenue or forum to bind the regulatory authorities in this area. For all the foregoing reasons, the Motion should be denied.

Dated:     New York, New York
           May 13, 2020

JAMES JOHNSON, NYC Corp. Counsel

By:    /s/ Hugh Shull
       Hugh H. Shull III (HS-0236)
       Assistant Corporation Counsel
       100 Church Street, Room 5-233
       New York, New York 10007