UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                               Chapter 11

    27 Putnam Ave LP, *et al*,[1]                         Case No.  19-13412 (RG)

                                      Debtors.                     Jointly Administered
---------------------------------------------------------x

## ORDER AUTHORIZING POST-PETITION FINANCING[2]

Upon the motion, dated February 4, 2020 (the "Motion"), of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned bankruptcy cases for interim and final orders under sections 105 and 364 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Southern District of New York (I) Authorizing Debtors To Obtain Post-Petition Financing from DS-CREF3 Clinton Senior Note Buyer LLC ("Lender" or "DIP Lender"), (II) granting senior security interests and superpriority administrative status and (III) granting related relief; and hearings having been held on March 3, 2020 and March 30, 2020 (the "Hearing"); and upon the Declaration of Justin Amirian, dated March 26, 2020, ECF No.37, filed in support of the Motion, and adequate notice of the Hearing having been given to all creditors and parties in interest in the bankruptcy case; and any objections to the Motion

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 27 Putnam Ave LP (7503); 90 Downing St LP (7503); 423 Grand Ave LP (7503); and 429 Grand Ave LP (7503).
[2] Capitalized terms not defined herein shall have the meanings defined in the Motion.

having been resolved, withdrawn or overruled on the basis of this Order; and, upon the record taken at the Hearing;

NOW, THEREFORE, upon the Motion, and the record taken at the Hearing, and after due deliberation and good and sufficient cause appearing therefor, the Court finds as follows:

A.    Filing.  On October 25, 2019, each of the Debtors filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

B.    The Properties.  Each Debtor owns an adjacent apartment building in the Clinton Hill neighborhood of Brooklyn, as follows: 27 Putnam owns the property located at 27-29 Putnam Avenue, 423 Grand owns the property located at 423-427 Grand Avenue, 429 Grand owns the property located at 429-435 Grand Avenue, and 90 Downing owns the property located at 88-100 Downing Street (collectively, the "Properties").

C.    Purpose for Chapter 11 Filing. The Debtors filed these Chapter 11 cases to maintain and improve the Properties, and to afford the Debtors the opportunity to maximize value through a sale for the benefit of creditors.

D.    The DIP Facility. The Debtors require, and the Lender has agreed to lend $200,000 on an interim basis and $614,475 on a final basis under the DIP Facility, in order to fund the Debtors' Chapter 11 cases including capital expenses to enhance the value of the Properties.  Absent the DIP Facility the value of the Properties would be impaired to the detriment of each of the Debtors' estates.

E.    No Credit Available on More Favorable Terms.  Given the Debtors' financial condition the Debtors are unable to obtain adequate unsecured credit allowable under section 503(b)(l) of the Bankruptcy Code as an administrative expense or on any terms more favorable

than those provided for in the DIP Facility. The DIP Lender has conditioned all loans and advances to be made under the DIP Facility to be secured by all assets of each Debtor's estate, excluding avoidance action recoveries, and the proceeds thereof.

F.      Declaration in Support of Debtor in Possession Financing.  The Debtors have further set forth all the underlying facts in further support of their Motion in the Declaration in Support of Debtor in Possession Financing dated March 26, 2020 and filed on March 30, 2020 (ECF No. 37)(the "Declaration").

Based upon the foregoing, the Motion, the Declaration, and the record taken at the Hearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      Motion Granted.  The Motion is granted on the terms set forth herein and the Debtor is authorized to borrow $614,475 on a final basis under the DIP Facility, and the DIP Facility is approved, to the extent provided herein.

2.      Authorization to Execute and Deliver Documents.  The Debtors are hereby authorized and directed to (i) execute the DIP Facility, including all documents that the DIP Lender deems necessary to implement the transaction contemplated thereby; and (ii) perform each of its obligations under the DIP Facility and this Order.

3.      Superpriority Administrative Expense Claim.  Notwithstanding the DIP Lender's request in the Motion, the DIP Lender shall not be entitled to a superpriority administrative expense claim in these cases under section 364(c)(1) of the Bankruptcy Code.

4. <u>Carve-Out Terms</u>.  The liens granted to the DIP Lender with respect to the DIP Facility shall be subject and subordinate only to a carve-out of in an aggregate amount equal to sum of: (i) the dollar amount of such Chapter 11 professional fees and expenses to the extent previously or subsequently allowed by court order; (ii) Chapter 11 administrative expenses incurred by the Debtors, except to the extent incurred on the Debtor's behalf by a Chapter 11 trustee or examiner with expanded powers, and (ii) the statutory fees of the United States Trustee pursuant to 28 U.S.C. § 1930, 31 U.S.C. §3717 (collectively, the "<u>Carve-Out</u>").  The liens granted to the DIP Lender with respect to the DIP Facility shall not attach to avoidance action recoveries, and the proceeds thereof.

5. <u>Collateral Security</u>.  The DIP Lender is hereby granted, pursuant to section 364(c)(2), (3) and (d) of the Bankruptcy Code, senior secured liens on, and security interests in, all of the all of the real property, personal property, assets or interests in property or assets of all of the Debtors, of any kind or nature whatsoever, real or personal, now existing or hereafter acquired or created, and all cash and noncash proceeds, rents, products and profits of any collateral described above excluding avoidance action recoveries, and the proceeds thereof (the "<u>DIP Lender Collateral</u>") , subject only to the Mortgages (as defined in the DIP Facility) and the Carve-Out (the "<u>DIP Liens</u>").  For the avoidance of doubt, the DIP Liens attach to all Debtors' DIP Lender Collateral jointly and severally.

6. <u>Automatic Perfection of DIP Liens</u>.

a. The DIP Liens granted to the DIP Lender hereunder and under the DIP Facility and this Order are valid, binding, continuing, enforceable and fully-perfected with the priorities herein and therein set forth.

b. The DIP Lender shall not be required to file any financing statements, mortgages, deeds of trust, notices of lien or similar instruments in any jurisdiction or filing office, or to take any other action in order to validate or perfect the DIP Liens granted by or pursuant to this Order and the DIP Facility, although nothing herein shall restrict in any way the DIP Lender's right to do, it its sole and exclusive discretion.

c. Should the DIP Lender, in its sole discretion, from time to time, choose to file and/ or renew (as applicable) such financing statements, mortgages, notices of lien or similar instruments, take possession of any of the DIP Lender Collateral securing the DIP Facility for perfection purposes, or take any other action to protect from infringement or otherwise validate or perfect any DIP Lien, the Debtors, at the DIP Lender's expense (including in respect of any filing or recording costs), are hereby directed to execute any such documents or instruments as the DIP Lender shall reasonably request, and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of the Order.

7. <u>Plan</u>.  Effective upon entry of this order, (a) unless the DIP Lender consents thereto, no order shall be entered confirming a plan in this case unless such order provides for payment in full in cash of all of the DIP Facility on the effective date thereof, together with releases, exculpations, waivers and indemnification acceptable to the DIP Lender, in its sole discretion and (b) unless the Court orders otherwise, no order shall be entered confirming a plan in this case unless such order provides for a carve-out of $50,000 for general unsecured creditors.

8. <u>Binding Effect of Order; Successors and Assigns; Survival</u>.  The DIP Facility and the provisions of this Order shall be binding upon all parties-in-interest in this case,

5

including without limitation, the DIP Lender, any official committee appointed herein, and the Debtors and their respective successors and assigns, any chapter 11 trustee or chapter 7 trustee or similar responsible person hereafter appointed as a representative of the Debtors' estates and any such successors or assigns, without further order of this Court, and shall inure to the benefit of the DIP Lender and the Debtors and their respective successors and assigns.

9. <u>Good Faith</u>.  Having been found to be extending the DIP Facility to the Debtors in good faith, upon entry of a final order, the DIP Lender is entitled to the full protection of section 364(e) of the Bankruptcy Code with respect to the DIP Facility and liens created or authorized by this Order in the event that this Order or any authorization contained herein is stayed, vacated, reversed or modified on appeal. If any provision of this Order is hereafter modified, vacated, reversed or stayed by subsequent order of this or any other court for any reason, such modification, vacation, reversal or stay shall not affect the validity, enforceability and priority of any of the claims, liens and security interests granted to the DIP Lender under this Order.

10. <u>No Waiver</u>.  The DIP Lender's failure, at any time or times hereafter, to require strict performance by the Debtors (or by any trustee) of any provision of this Order, the DIP Facility or any other related documents shall not waive, affect or diminish any right of the DIP Lender, as the case may be, to thereafter demand strict compliance and performance therewith. No delay on the part of the DIP Lender in the exercise of any right or remedy under this Order, the DIP Facility, the Bankruptcy Code, or applicable nonbankruptcy law shall preclude any other or further exercise of any right or remedy. The DIP Lender shall not be

deemed to have suspended or waived any of its rights or remedies under this Order, the DIP Facility, the Bankruptcy Code, or applicable nonbankruptcy law.

11. <u>Automatic Stay</u>.  The automatic stay imposed by virtue of section 362 of the Bankruptcy Code is hereby vacated and modified insofar as necessary to permit the DIP Lender to take any action authorized or contemplated by this Order or the DIP Facility and to carry out the terms thereof, subject, however, to the satisfaction of any notice, procedural and other conditions contained in this Order or the DIP Facility.

12. <u>Exculpation</u>.  Nothing in this Order, the DIP Facility or any other documents related to these transactions shall in any way be construed or interpreted to impose or allow the imposition upon the DIP Lender of any liability for any claims arising from the prepetition or postpetition activities of the Debtors in the operations of their businesses, or in connection with their restructuring efforts.

13. <u>Inconsistency</u>. In the event of any irreconcilable inconsistency between this Order and the DIP Facility or any other agreement heretofore or hereafter entered into by and between the Debtors and the DIP Lender, the terms of this Order shall govern and control. To the extent that there is any provision not in this Order that is required to be so pursuant to the DIP Facility, such provisions are hereby deemed incorporated in this Order.

14. <u>Pre-Petition Obligations.</u> All of the obligations set forth in the pre-petition loan documents between the Debtors and the Lender or the individual and corporate guaranties in connection therewith shall remain in full force and effect and nothing contained herein shall be deemed a waiver of any kind.

15. <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for the Debtors, notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

Dated: June 15, 2020
New York, New York



/s/ Robert E. Grossman
Robert E. Grossman
United States Bankruptcy Judge