**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**27 Putnam Ave LP,** *et al*,[1]<br><br>**Debtor.** | **Chapter 11**<br><br>**Case no. 19-13412(RG)**<br><br>**Jointly Administered** |

**OBJECTIONS OF ELENA LUNYOVA, MICHELLE MORTENSEN, NICOLE SWEET AND THE GRAND PUTNAM TENANT ASSOCIATION TO THE DEBTORS' PLAN AND DISCLOSURE STATEMENT**

**TO:**    **THE HONORABLE ROBERT E. GROSSMAN**
          **UNITED STATES BANKRUPTCY JUDGE**

Elena Lunyova, Michelle Mortensen, Nicole Sweet and the Grand Putnam Tenant Association (GPTA) (collectively "the Tenants"), by and through their undersigned counsel, Ellery Ireland, hereby object to the Debtors' Disclosure Statement [Dkt. No. 54] and Plan of Reorganization [Dkt. No. 55] (the "Objections"). In support of their Objections, the Tenants state as follows:

**INTRODUCTORY STATEMENT**

1.    For four years the Debtors have engaged in a fraudulent scheme to inflate residential rents and deregulate apartments in the subject premises.

2.    The rent rolls for the subject premises—the document maintained by the DHCR listing all of the rents for all of the rent-stabilized apartments in a building—

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 27 Putnam Ave LP (7503); 90 Downing St LP (7503); 423 Grand Ave LP (7503); and 429 Grand Ave LP (7503).

1

are full of fraudulently inflated rents; there are also presently several vacant units in the subject premises, and the registered rents for those units have also likely been fraudulently inflated.

3. In proposing to sell the subject premises free and clear of any claims or interest, the Debtors attempt to validate a fraud, to sell the subject premises free and clear of any present or future tenants' challenges to the lawfulness of the rents.

4. The substance of the Tenants' objection is that the Disclosure Statement and Plan should not validate the illegal rents that the Debtor has registered with the DHCR: the disclosure and plan must guarantee that any prospective purchaser of the subject premises be on notice that the rents registered by the Debtors are contested and are not reliable and that, in accordance with New York law, any prospective purchaser may be liable for the Debtors' overcharges and rent challenges more generally.

## LEGAL AND REGULATORY FRAMEWORK

5. A multiple-dwelling with rent-stabilized apartments carries unique liabilities; an understanding of these unique liabilities is essential to an understanding of the problems presented by the Debtors' Disclosure Statement and Plan.

6. Liability for rent overcharge stays with a property even after the landlord who committed the initial overcharge transfers ownership of the property to another: so, for example, if Landlord A overcharges Tenant for years 1, 2, and 3, before transferring the property to Landlord B, when Tenant sues Landlord B for rent overcharge in year 4, Landlord B is liable for the overcharges committed in years 1, 2 and 3, with treble damages, even though Landlord B was not involved in the overcharges.

7. This is so because of RPL § 223:

> A lessee of real property, his assignee or personal representative, has the same remedy against the lessor, his grantee or assignee, or the representative of either, for the breach of an agreement contained in the lease, that the lessee might had against his immediate lessor, except of covenant against incumbrances or relating to the title or possession of the premises leased.

8. So here, if instead of filing for relief under Chapter 11, the Debtors had simply sold the subject premises on the free market in an arms-length transaction, liability for all present and future claims regarding unlawful rents and rent overcharge would have been preserved as against the new landlord, and over the course of time, ideally, the fraudulent rents would come to light and undergo correction.

9. However, there is a very important exception to RPL § 223, and it is found in Rent Stabilization Code (RSC) § 2526.1(f)(2), which in pertinent part reads[2]:

> (f) Responsibility for overcharges.
> ….
> (2) (i) For overcharge complaints filed or overcharges collected on or after April 1, 1984, a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner. **However, in the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale, or such other sale effected in connection with, or to resolve, in whole or in part, a bankruptcy proceeding, mortgage foreclosure action or other judicial proceeding, an owner who purchases upon or subsequent to such sale shall not be liable for overcharges collected by any owner prior to such sale, and treble damages upon overcharges that he or she collects which result from overcharges collected by any owner prior to such sale. An owner who did not purchase at such sale, but who purchased subsequent to such sale, shall also not be liable for overcharges collected by any prior owner subsequent to such sale to the extent that such overcharges are the result of overcharges collected prior to such sale.**

---

[2] Related, but different in nature, are the provisions found in RSC §§ 2522.6 (setting the lawful rent) and 2523.7 (obligation to keep records).

3

(emphasis added)

10. The operative phrase is "where no records sufficient to establish the legal regulated rent were provided": in essence, "where no records sufficient to establish the legal regulated rent were provided," the purchaser at a bankruptcy sale will not be liable for prior overcharges—and this is the very scenario the Tenants seek to avoid.

11. So if the Disclosure Statement and Plan do not include "records sufficient to establish the legal regulated," then the purchaser of the subject premises at the contemplated bankruptcy sale might be able to pre-empt any future legal challenge to the rents—a prospect that is utterly contrary to public policy.

12. The Court must prevent the Debtors from using this venue as a means for circumnavigating the New York State regulatory regime for residential housing.

13. The Disclosure Statement and Plan should, at a minimum, "records sufficient to establish the legal regulated rent," which means the rent roll for the entire subject premises for the last six years and all of the leases—this is a minimum.

14. A precise account of the legal regulated rent would also require that the Debtor make available all records related to any individual apartment improvements that have been factored into the rent.

15. Furthermore, the Disclosure Statement and Plan should state unequivocally that the subject premises are not being sold free and clear of all challenges to the lawfulness of the rent and overcharge claims, and that the rents for the apartments therein are not reliable and may be subject to legal challenge, and that any prospective purchaser may be liable for the overcharges, pursuant to RPL § 223.

## CONCLUSION

16. For the foregoing reasons the Tenants object to the Debtors' proposed Disclosure Statement and Plan and respectfully request that they either be rejected or amended so as to include records sufficient to establish the legal regulated rent.

Dated: New York, New York
June 22, 2020

Respectfully submitted,

**LAW OFFICE OF ELLERY IRELAND**

*Ellery Ireland*

Ellery Ireland, Esq.
116 Pinehurst Avenue, T43
New York, NY 10033
eaiesq@gmail.com
(212) 897-5840